## Katz et al., to use, v. Royal Insurance Co., Ltd., of Liverpool.

*Automobile insurance—Construction of policy—Valued policy defined.*

1. A valued policy is one in which the valuation or amount of insurance is to be taken as liquidated damages in the event of loss.

2. Where an automobile policy against theft is described on its face as a "valued" policy at a specific sum and contains a further clause providing that in the event of loss the company "shall be liable only for the actual cost of repair or, if necessary, replacement of parts damaged," the policy is not a valued policy, since the latter clause rebuts any possible inference that the company is to be liable in any event for the full face amount of the policy, and establishes the measure of damages in the event of the loss not being total.

Rule for new trial and motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., June T., 1922, No. 1413.

*C. L. Smyth,* for plaintiff; *H. M. Schell,* for defendant.

MARTIN, P. J., Jan. 9, 1925.—The plaintiff sued to recover under a policy insuring his automobile against theft for a period of one year from April 12, 1921.

Among the material portions of the policy are the description as a "valued fire, theft and transportation form (1)," "amount $1595. Rate $4.25—10%. Premium $61.01."

"Amount of insurance, Fifteen hundred ninety-five Dollars $1595."

There was a description of the insured automobile, with an averment of "actual cost to assured, including equipment, $1595." Among the risks insured against was theft. Among the special provisions of the policy are the following:

Katz et al., to use, v. Royal Insurance Co., Ltd., of Liverpool.

"The said automobile described herein (body, machinery and equipment) is valued at the sum insured.

"In the event of loss or damage under this policy, this company shall be liable only for the actual cost of repair or, if necessary, replacement of parts damaged or destroyed."

The policy also provided for proof of loss, and that "the sum for which this company is liable pursuant to this policy shall be payable sixty days after the notice, ascertainment, estimate and satisfactory proof of loss herein required have been received by this company."

The insured automobile was stolen on Feb. 9, 1922. Proof of loss was served upon the defendant on April 5th of the same year, and on June 5th following, the suit was brought. A statement was filed by the plaintiff, to which the defendant filed an affidavit of defence.

On Aug. 19, 1922, the car was recovered by the Police Department and delivered to and accepted by the plaintiff. The plaintiff then, by letter, notified the defendant that the car would be sold at auction at a specified time and place, and the car was sold for the sum of $235, which sum was received and retained by the plaintiff.

On Sept. 27, 1922, the plaintiff filed an amended statement, setting forth the recovery of the automobile, its delivery to the plaintiff, the letter-notice of the proposed sale, the result of the sale, and giving credit for the $235 realized for the car upon said sale, and claiming the balance of the face of the policy; to which the defendant again filed an affidavit of defence, averring, inter alia, that the cost of repairing the car would be $432.04.

The plaintiff then took judgment for this admitted liability under the cost of repair clause of the policy, which judgment was affirmed on appeal to the Superior Court, and has since been paid and satisfied. At the subsequent trial the plaintiff sought to recover as upon a "valued policy," $1595, less the judgment recovered of $432.04 and the amount of $235 realized upon sale of the car. The plaintiff, however, presented no evidence showing the cost of repair (or the market value of the car at the time of theft or time of recovery, except as indicated by the amount realized upon said sale). The evidence for the defence was to the effect that the cost of repair would have been $432.04, and there was some testimony of market value. Based upon this evidence of market value, the jury returned a verdict for the plaintiff of $370.25. The plaintiff has taken a rule for a new trial, and the defendant moves for judgment non obstante veredicto, having presented a point for binding instructions in its favor at the trial. The reasons in support of the rule for a new trial are, in effect, that this was a "valued policy," and that the measure of damages in the case should have been the value of the automobile as fixed by the terms of the policy, less the amount of the judgment recovered and the price for which the automobile was sold.

A valued policy is one in which the valuation or amount of insurance is to be taken as liquidated damages in the event of loss. The form of the policy here used, the valuation of the automobile, the manner of fixing the premium, together with the amount of the insurance assumed to be carried, would lead to the conclusion that this was a valued policy in the event of a total loss; but the quoted special provision of the policy, to the effect that in the event of loss or damage the company shall be liable only for the actual cost of repair or replacing parts damaged or destroyed, clearly rebuts any possible inference that the company was to be liable in any event for the full face amount of the policy, and establishes the measure of damage in the event of the loss not being total. The plaintiff, by his acceptance of the automobile

after its recovery, its sale and his acceptance of the proceeds of the sale, together with his bringing these facts upon the record by his amended statement, and his taking judgment for the cost of repair, as admitted by the affidavit of defence, brings the case within the quoted special provision of the policy, and makes the measure of damage, under the facts of the case and the terms of the policy, the cost of repair of the insured automobile. The only evidence of the cost of repair being the sum admitted by the defendant, of $432.04, which has been paid, the plaintiff is not entitled to any further recovery. The rule must, therefore, be discharged and the motion of the defendant must be allowed.

And now, to wit, Jan. 9, 1925, the rule for a new trial is discharged, the motion of the defendant is allowed and judgment *non obstante veredicto* in favor of the defendant is hereby directed to be entered. An exception to this action of the court is hereby noted in favor of the plaintiff.